UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANGELO POWELL,
    Plaintiff,

v.

MARLAIS, et al.,
    Defendants.

Case No. 14-cv-05308-JSC

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the United States Marshal is ordered to serve Defendants.

## STANDARD OF REVIEW

A federal court must dismiss a case filed in forma pauperis under 28 U.S.C. § 1915 at any time if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

---

[1] Plaintiff has consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1.)

which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Plaintiff's allegations that defendants Dr. Marlais and Dr. Calderon, two dentists at the Correctional Training Facility in Soledad, California, failed to properly treat his abscessed tooth in 2012 and 2013, are sufficient, when liberally construed, to state a cognizable claim under Section 1983 for the violation of his right under the Eighth Amendment to be free from cruel and unusual punishment. *Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates; deliberate indifference to such needs violate Eighth Amendment).

**CONCLUSION**

For the foregoing reasons,

1. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, the Magistrate Judge jurisdiction consent form, a copy of the amended complaint with attachments thereto, and a copy of this order upon: Dr. R. Marlais and Dr. Calderon, staff dentists at Correctional Training Facility in Soledad, California.

The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of this order to the California Attorney General's Office.

2. Each Defendant shall complete and file their own Magistrate Judge jurisdiction consent form within **28 days** of the date they are served, or **91 days** of the date this order is filed,

1  whichever comes first.  If all of the Defendants consent to a Magistrate Judge's jurisdiction, then:

2      a. Defendants shall file an answer in accordance with the Federal Rules of Civil
3  Procedure.

4      b. No later than **91** days from the date this order is filed, Defendants shall file a motion for
5  summary judgment or other dispositive motion.  The motion shall be supported by adequate
6  factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and
7  shall include as exhibits all records and incident reports stemming from the events at issue.  If
8  Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so
9  inform the Court prior to the date his summary judgment motion is due.  All papers filed with the
10 Court shall be promptly served on Plaintiff.

11     c. At the time the dispositive motion is served, Defendants shall also serve, on a separate
12 paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998)
13 (en banc).

14     d. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and
15 served upon Defendants no later than **28** days from the date the motion is filed.  Plaintiff must read
16 the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v.*
17 *Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d
18 409, 411-12 (9th Cir. 1988).

19     e. Defendants **shall** file a reply brief no later than **14** days after the opposition is filed.

20     f. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing
21 will be held on the motion unless the court so orders at a later date.

22     3. All communications by Plaintiff with the Court must be served on Defendants, or
23 Defendants' counsel once counsel has been designated, by mailing a true copy of the document to
24 Defendants or Defendants' counsel.

25     4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No
26 further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties
27 may conduct discovery.

28     5. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

United States District Court
Northern District of California

1 informed of any change of address by filing a separate paper with the clerk headed "Notice of
2 Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to
3 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
4 Civil Procedure 41(b).

5      6. Requests for a reasonable extension of time will be considered if supported by a
6 showing of good cause and filed prior to the deadline sought to be extended.

7      **IT IS SO ORDERED**.

8 Dated: January 5, 2015

9 _____
JACQUELINE SCOTT CORLEY
10 United States Magistrate Judge