UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL ANGELO POWELL,

    Plaintiff,

v.

RICHARD L. MARLAIS, et al.,

    Defendants.

Case No. 14-cv-05308-JSC

**ORDER OF SERVICE; DIRECTING PLAINTIFF TO PROVIDE LOCATION OF DEFENDANT CALDERON**

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. He claims that while at California Training Facility ("CTF"), defendants Dr. Marlais and Dr. Calderon failed to properly treat his abscessed tooth. The Court previously found that the complaint, when liberally construed, states a cognizable claim under the Eighth Amendment against Marlais and Calderon, and the United States Marshal was directed to serve them at CTF, where Plaintiff indicated they were located. The Marshal returned the summonses unexecuted, however, because both Defendants have retired and are no longer located at CTF. Plaintiff then filed a motion for preliminary injunction against the two Defendants and Dr. Uy, a supervising dentist at CTF, seeking a referral for dental care at an outside facility. The motion was denied because Marlais and Calderon, being retired, cannot be ordered to refer him for dental care, and Dr. Uy is not a party to this case. Plaintiff was granted leave to file an amended complaint naming Dr. Uy as a Defendant, which Plaintiff has done.

    A review of the amended complaint pursuant to 28 U.S.C. § 1915(e) reveals that it states a cognizable claim for relief. The amended complaint alleges that Dr. Marlais and Dr. Calderon

failed to properly treat his abscessed tooth in 2012 and 2013, and Dr. Uy has failed to order proper follow-up treatment since that time. When liberally construed, these allegations state a cognizable claim for the violation of Plaintiff's right under the Eighth Amendment to be free from cruel and unusual punishment. *See Hunt v. Dental Dep't,* 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates; deliberate indifference to such needs violate Eighth Amendment).

The amended complaint will be ordered served upon Dr. Marlais and Dr. Uy, because Plaintiff has provided addresses for them. Plaintiff has not provided an address for Dr. Calderon, however, and he is ordered to do so below.

For the foregoing reasons,

1. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, the Magistrate Judge jurisdiction consent form, a copy of the amended complaint with attachments thereto, and a copy of this order upon: Dr. Richard Lee Marlais at 705 Modesto Avenue in Santa Cruz, California 95060, and upon Dr. Henry Uy at the Correctional Training Facility in Soledad, California.

The Clerk shall also mail a courtesy copy of the amended complaint with all attachments and a copy of this order to the California Attorney General's Office.

2. Within **60 days** of the date this order is filed, Plaintiff **shall** provide the correct location of Defendant Dr. Carlos E. Calderon where the United States Marshal can serve him. His failure to do so, or to show cause why he cannot, will result in the dismissal of his claims against Dr. Calderon without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

3. Defendants shall each complete and file their own Magistrate Judge jurisdiction consent form within the deadline provided on the form.

4. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

5. To expedite the resolution of this case:

   a. No later than **91** days from the date this order is filed, Defendants shall file a

2

motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date his summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

  b. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

  c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

  d. Defendants **shall** file a reply brief no later than **14** days after the opposition is filed.

  e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

6. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

**IT IS SO ORDERED.**

Dated: May 13, 2015

                   */s/ Jacqueline Scott Corley*
                   JACQUELINE SCOTT CORLEY
                   United States Magistrate Judge